Joel A. Mullin, OSB No. 862533
jamullin@stoel.com
Louis A. Ferreira, OSB No. 902602
laferreira@stoel.com
Amy Edwards, OSB No. 012492
aedwards@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

    Attorneys for Defendants Klondike Wind Farms III, LLC, Klondike Wind
       Power, LLC, PPM Energy, Inc., PPM Wind Energy LLC, PPM Wind
       Management LLC and Iberdrola Renewables, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JERRY MITCHELL and GAIL EIKANAS, Personal Representatives of the Estate of Chadd Mitchell,<br><br>                 Plaintiffs,<br><br>    v.<br><br>SIEMENS WIND POWER A/S, a foreign corporation; KLONDIKE WIND FARMS III, LLC, an Oregon corporation; KLONDIKE WIND POWER, LLC, an Oregon corporation; PPM ENERGY, INC., an Oregon corporation; PPM WIND ENERGY LLC, a foreign corporation; PPM WIND MANAGEMENT LLC, an Oregon corporation; and IBERDROLA RENWABLES, INC., an Oregon | Case No.: CV 10-410-JO<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC. |

Page 1  -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE
          WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND
          MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

corporation,

                Defendants.

## I. INTRODUCTION

On August 25, 2007, a wind turbine collapsed, killing Chadd Mitchell. (Amended Complaint ¶ 12.) Mitchell was employed by Siemens Power Generation, Inc. ("Siemens Power"). (*Id.* ¶ 11.) The wind turbine had been purchased from, installed, serviced, maintained, and operated by Siemens Power pursuant to two contracts with Klondike Wind Power III LLC ("Klondike III")[1], as assignee of PPM Energy, Inc. (now known as Iberdrola Renewables, Inc. ("Iberdrola")). (*Id.* ¶ 3.)

Mitchell's parents, as personal representatives of his estate ("Plaintiffs"), filed this wrongful death action alleging that defendants Klondike III, Klondike Wind Power, LLC, PPM Energy, Inc., PPM Wind Energy LLC, PPM Wind Management LLC, and Iberdrola (collectively, "Defendants") violated Oregon's Safe Employment Act (the "OSEA"), ORS 654.001, *et seq.* Specifically, Plaintiffs allege that Defendants are all "owners" of the wind turbine and that they violated ORS 654.015 because the "wind turbine was dangerous and unreasonably defective as alleged in paragraph [14] and thus constituted an unsafe working condition." (*Id.* ¶¶ 3-10, 21.)

Plaintiffs' claim against Defendants should be dismissed because they cannot state a claim under the OSEA upon which relief can be granted. The OSEA sets forth safety standards applicable to employers and owners of places of employment. In this case, there is no dispute that Defendants did not employ Mitchell. (Amended Complaint ¶ 11.) Instead, Plaintiffs allege

---

[1] Plaintiffs incorrectly state Klondike III's name as "Klondike Wind Farm III, LLC." Its proper name, as stated above, is "Klondike Wind Power III LLC.

Page 2 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

that Defendants owned the facility—the wind turbine—at which Mitchell worked. (*Id.* ¶¶ 3-10.) As such, Defendants' obligations to Mitchell under the OSEA were limited to only those regulations that are applicable to owners. However, Plaintiffs have not alleged, nor could they, that Defendants violated any of these regulations.

Therefore, for the reasons stated below, Plaintiffs' Third Claim for Relief against Defendants should be dismissed.

## II.  ARGUMENT

### A.  Standard of Review

Rule 12(b)(6) allows a court to dismiss a claim for failure to state a claim upon which relief can be granted. To meet the pleading standard, "'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Williamson v. Munsen Paving LLC*, No. CV 09-736-AC, 2010 US Dist LEXIS 27585, *4 (D Or Mar. 2, 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 US 544, 127 S Ct 1955, 167 L Ed 2d 929 (2007)). Thus, "the complaint must set forth facts supporting a plausible claim for relief and not merely a possible claim for relief." *Ashcroft v. Iqbal*, __ US __, 129 S Ct 1937, 1949, 173 L Ed 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B.  Plaintiffs Have Failed to Allege Sufficient Facts to Support Their OSEA Claim

Plaintiffs allege that the Defendants violated ORS 654.015, which states:

> "No employer or owner shall construct or cause to be constructed
> or maintained any place of employment that is unsafe or
> detrimental to health."

Page 3 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

70042297.1 0058892-00214

As an initial matter, no Oregon court has ever held that the OSEA creates a private right of action.  Instead, violations of the OSEA are typically alleged as a negligence per se claim or as part of a claim under the Employer Liability Law ("ELL"), ORS 654.305, *et seq*.  *See, e.g., Brown v. Boise-Cascade Corporation*, 150 Or App 391, 402, 946 P2d 324 (1997) (declining to decide wither OSEA created private right of action because plaintiff had pled OSEA violations under his negligence claim); *Miller v. Georgia-Pacific Corp.*, 294 Or 750, 754, 662 P2d 718 (1983) (violation of OSEA constitutes negligence per se and violation of ELL); *Arnold v. Gardiner Hill Timber Company*, 199 Or 517, 523, 263 P2d 403 (1953) (same).  Plaintiffs, however, have alleged their OSEA claim as a standalone cause of action.  As such, it should be dismissed.

Even if a private right of action existed or is implied as part of a negligence per se claim, violations of the OSEA are not actionable unless Plaintiffs expressly allege that Defendants violated a specific safety regulation.  To properly assert a claim for negligence per se based on a violation of the OSEA, Plaintiffs must plead that (1) the defendant violated OSEA safety regulations; (2) the plaintiff was injured as a result of that violation; (3) the plaintiff is a member of the class of persons meant to be protected by the statute; and (4) the injury plaintiff suffered is of a type that the regulation was meant to prevent.  *George v. Myers*, 169 Or App 472, 478, 10 P3d 265 (2000); *see also Shahtout v. Emco Garbage Co.*, 298 Or 598, 600, 695 P2d 897 (1985).

Oregon courts have repeatedly recognized that "'the OSEA does not extend its coverage to indirect employers,' and * * * thus, noncompliance with the OSEA cannot be the basis for a negligence *per se* claim against an indirect employer." *George*, 169 Or App at 478 (quoting *German v. Murphy*, 146 Or App 349, 357, 932 P2d 580 (1997)).  Instead, the OSEA applies to only "employers" and "owners."  "Owner" is defined as "every person having ownership, control

Page 4  -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

70042297.1 0058892-00214

or custody of any place of employment or the construction, repair or maintenance of any place of employment." ORS 654.005(6). The Oregon Supreme Court has further stated that

> "the OSEA defines an owner in three alternative ways: First, as a person who has 'control' of a place of employment[;] second, as a person who has 'custody' of a place of employment[; or] third, as a person 'having ownership' of a place of employment."

*Moe v. Beck*, 311 Or 499, 505, 815 P2d 692 (1991).

Although Klondike III was the only "owner" of the wind turbine at the time of the incident, for purposes of this motion, it does not matter because Plaintiffs cannot state a claim against any "owner." Owner liability is much more limited under the OSEA than "employer" liability. As the *Brown* court held:

> "[O]wnership liability under the OSEA * * * may—and we believe should—be cast more narrowly. In particular, and consistent with the requirements of negligence per se, such liability arises only when the defendant owner has violated an applicable [Oregon Occupational Safety and Health Code] regulation. * * * That is, the mere fact that a plaintiff has been injured on a defendant's premises as a result of an OSEA violation is not enough to trigger negligence *per se* liability; rather, the defendant itself must have violated the applicable requirement. *Thus, the defendant owner is liable only if the regulation whose violation underlies the OSEA claim is one that either explicitly, or by nature, imposes obligations on owners of premises.*"

*Brown*, 150 Or App at 407-08 (emphasis added); *see also, Entler v. Hamilton*, 258 Or 65, 67-68, 481 P2d 85 (1971) (rejecting plaintiff's argument that employer had violated ORS 654.010-.015 by allowing trap door to be open on premises because Basic Safety Code, predecessor to OSEA, "was not intended to change the basis of the liability of an employer from negligence to absolute liability"); *Williamson v. Munsen Paving, LLC*, No. 09-cv-736-AC, 2009 US Dist Lexis 112591, *14 (D Or Nov. 6, 2009) (concluding that plaintiff's OSEA claim was insufficient because it did

Page 5 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

70042297.1 0058892-00214

not clearly state which regulations defendants had allegedly violated and did not connect his factual allegations to those regulations).

In *Brown*, instead of relying on the defendant's general status as an owner, the court examined which, if any, of the specific Oregon safety regulations relied on by the plaintiff were applicable to owners. 150 Or App at 409. The court held that the viability of plaintiff's allegations against the owner hinged on whether the particular regulation at issue regulated "workplace structure[]," which might be actionable against an owner, or whether the rule regulated "work practices" or "methods," which could only be alleged against the subcontractor, as employer of the injured plaintiff. The court further noted that a broader reading of owner liability under the OSEA would "largely abrogate the long-standing common law limitations of negligence liability with respect to specialized contractors." *Id.* at 407 (referencing *Esko v. Lovvold*, 272 Or 27, 30-31, 534 P2d 510 (1975), and *Yowell v. General Tite & Rubber Co.,* 260 Or 319, 323, 490 P2d 145 (1971)).[2]

Under that standard, the court held, for example, that the building owner could not be liable for violation of OAR 437-03-C-1926.21, because that regulation, by its terms, applied only to "employers," and "[o]wners have no responsibility under that provision." *Id.* at 409. Similarly, the court held that the plaintiff's "inadequate fall protection" specifications, which were based on several OSEA regulations, "by their nature, pertain to the method and manner of work and, thus, do not apply to owners." *Id*. at 410-11. In sum, *Brown* held that regulations directed toward "employers" or "work practices or methods" were not meant to secure owner compliance and, therefore, were not actionable under a negligence per se theory. *Id.* at 410-11; *see also George*, 169 Or App at 484-85.

---

[2] *Yowell* and *Esko* are discussed further in section 2, below.

Page 6  -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

70042297.1 0058892-00214

In this case, Plaintiffs have not alleged violations of any specific regulation to support their OSEA claim. Because Plaintiffs' allegations are insufficient under the law set forth above, Plaintiffs' OSEA claim must be dismissed. *See, e.g., Williamson*, 2009 US Dist LEXIS 112591 at *14 (dismissing plaintiff's OSEA because he had failed to properly plead which specific regulations had allegedly been violated).

Moreover, based on the facts of this case, Plaintiffs cannot allege any violation of the OSEA. Specifically, Plaintiffs state that Defendants violated ORS 654.015 because the "wind turbine was dangerous and unreasonably defective" in failing to "include a failsafe system to prevent overspeed during maintenance and service" and "in failing to provide a tag out or lock out procedure to prevent overspeed during maintenance and service." (Amended Complaint ¶ 21.) Defendants are unaware, however, of any safety regulation that requires *owners* to protect against these hazards. To the contrary, very specific "lockout/tagout" regulations upon which Plaintiffs' allegations of defects appear to be based only apply to "employers." *See* 29 CFR § 1910.147(3); 29 CFR 1910.269(d).[3] As such, Plaintiffs' claim must be dismissed. *See, e.g.,*

---

[3] 29 CFR § 1910.147(3) states:

> "This section requires *employers* to establish a program and utilize procedures for affixing appropriate lockout devices or tagout devices to energy isolating devices, and to otherwise disable machines or equipment to prevent unexpected energization, start-up or release of stored energy in order to prevent injury to employees."

(Emphasis added.) 29 CFR § 1910.269(d)(2)(i) states:

> "The *employer* shall establish a program consisting of energy control procedure, employee training, and periodic inspections to ensure that, before any employee performs any servicing or maintenance on a machine or equipment where the unexpected energizing, start up, or release of stored energy could

(continued . . .)

Page 7 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

70042297.1 0058892-00214

*Brown*, 150 Or App at 409 (holding that owners have no responsibility under OSEA for regulations that, by their terms, apply only to employers); *Williamson*, 2010 US Dist LEXIS 27585 at *13-16 (dismissing OSEA claims against owner based on regulations that expressly applied to employers).

### C. Plaintiffs Cannot State a Claim Against Defendants Under the ELL or Common Law Negligence

Plaintiffs also cannot correct the deficiencies in their claim against Defendants by alleging an ELL or common-law negligence claim because neither of those is supported by the facts of this case.

*First*, Plaintiffs cannot allege their OSEA violation as part of an ELL claim. Although the ELL imposes a "heightened statutory standard or care" on "indirect employers" of injured workers, *Woodbury v. CH2M Hill, Inc.*, 335 Or 154, 159, 61 P3d 918 (2003), it only applies where the defendant is (1) engaged with the plaintiff's direct employer in a common enterprise, (2) retains the right to control the manner or method in which the risk-producing activity was performed, or (3) actually controls the manner or method in which the risk-producing activity is performed, *Moe v. Eugene Zurbrugg Construction Co.*, 202 Or App 577, 583, 123 P3d 338 (2005). To establish a "common enterprise," the defendant must exercise control or charge over the activity or instrumentality that causes the injury, and there must be a causal link between the defendant's involvement in joint work and the plaintiff's injury. *Id*. at 590. Similarly, Oregon courts have held that a defendant is not liable under the ELL when it contracts for services, but

---

(. . . continued)
        occur and cause injury, the machine or equipment is isolated from
        the energy source and rendered inoperative."

(Emphasis added.)

Page 8 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

70042297.1 0058892-00214

does not control or retain the right to control the manner in which the services are performed. *Boothby v. D.R. Johnson Lumber Co.*, 341 Or 35, 137 P3d 699 (2006) (lumber company not liable under ELL based on lack of right to control manner in which logging company worked).

In this case, Plaintiffs cannot plead a sufficient ELL claim because Siemens Power was responsible for and controlled the manner and method of service and maintenance at the wind turbine pursuant to the Maintenance and Service Agreement with Klondike. In addition, none of the Defendants had employees working at the wind turbines. (Amended Complaint ¶ 11.)

*Second*, Plaintiffs cannot state a cause of action for negligence under well-established Oregon law. In *Yowell,* the court reiterated the general rule that an

> "owner is not liable [in negligence] for death or injury of an independent contractor or one of his employees resulting from dangers which the contractor, as an expert, has known, or as to which he and his employees 'assumed the risk.'"

260 Or at 323. Applying this rule in *Esko*, the Oregon Supreme Court held a defendant could not be liable for negligence based on the collapse of a 35-foot utility pole because the plaintiff was an experienced independent contractor whose "employer held itself out to the public as having proficiency in the installation and maintenance of a cable strung on poles" and the defendant had been unaware of the defect in the pole. 272 Or at 30-31.

Similarly, the facts of this case do not support a negligence claim against defendants because Mitchell's employer, Siemens Power, was an independent contractor who held itself out as having expertise in the construction, service, and maintenance of wind turbines and towers. Defendants were entitled to rely on Siemens Power's expertise to deal with any unknown or dangerous activities.

Page 9  -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

70042297.1 0058892-00214

## III.  CONCLUSION

For the reasons stated above, Defendants' Motion should be granted and Plaintiffs' OSEA claim should be dismissed.

DATED:  April 20, 2010.

STOEL RIVES LLP

/s/ Amy Edwards
AMY EDWARDS
OSB No. 012492
Telephone:  (503) 224-3380

Attorneys for Defendants Klondike Wind
  Power III LLC, Klondike Wind Power
  LLC, PPM Energy, Inc., PPM Wind Energy
  LLC, PPM Wind Management LLC and
  Iberdrola Renewables, Inc.

Page 10 -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS KLONDIKE WIND POWER III, LLC, KLONDIKE WIND POWER, LLC, PPM ENERGY, INC., PPM WIND MANAGEMENT LLC, PPM WIND ENERGY LLC, AND IBERDROLA RENEWABLES, INC.

70042297.1 0058892-00214