IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JERRY MITCHELL, Personal Representative of the Estate of Chadd Mitchell; ET AL., | ) ) ) | Civil No. 10-410-JO |
| Plaintiffs, | ) ) | |
| v. | ) ) | OPINION AND ORDER |
| SIEMENS WIND POWER A/S, a foreign corporation; ET AL., | ) ) ) ) | |
| Defendants. | ) | |

    Lawrence Baron
    LAWRENCE BARON, ATTORNEY AT LAW P.C.
    1515 S.W. Fifth Avenue, Suite 808
    Portland, OR  97201

    Robert K. Udziela
    1515 S.W. Fifth Avenue, Suite 808
    Portland, OR  97201

     Attorneys for Plaintiffs

    Michael J. Sandmire
    ATER WYNNE, LLP
    1331 N.W. Lovejoy Street, Suite 900
    Portland, OR  97209-2785

Amy Edwards
Joel A. Mullin
Louis A. Ferreira, IV
STOEL RIVES, LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR  97204

    Attorneys for Defendants

JONES, Judge:

Plaintiffs, the personal representatives of the estate of Chadd Mitchell, filed this action for wrongful death in Multnomah County Circuit Court on February 4, 2010.  Defendants timely removed the action to this court on April 14, 2010, based on diversity jurisdiction.

The case is now before the court on plaintiffs' motion ( # 14) to remand to state court.  For the reasons stated below, plaintiffs' motion is granted.  Defendants' motion to dismiss (# 6) is moot.

## BACKGROUND

Decedent, Chadd Mitchell, died in August 2007, when a wind turbine on which he was performing scheduled service collapsed.  Decedent's employer, Siemens Power Generation, Inc., contracted with defendant Siemens Wind Power A/S ("SWP"), the operator of the subject wind turbine, to perform the scheduled service at the Klondike III Wind Farm near the city of Wasco, Oregon.

Plaintiffs, citizens of Washington state, brought this action against SWP, a foreign corporation with its principal place of business in Denmark.  Plaintiffs also named the alleged owners of the wind turbine, referred to by the parties as the "non-Siemens" or "Iberdrola" defendants.  Those defendants are:  Klondike Wind Power III LLC, Klondike Wind Power, LLC,

PPM Energy, Inc., PPM Wind Energy LLC, PPM Wind Management LLC, and Iberdrola. For purposes of the present motion, it is sufficient to note that all of these entities are citizens of Oregon.

## DISCUSSION

A civil action brought in a state court over which federal courts have original jurisdiction may be removed by the defendant to the appropriate district court. 28 U.S.C. § 1441(a). With respect to diversity jurisdiction, however, § 1441(b) imposes a limitation on removal:

> [S]uch action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b). This 'forum defendant' rule 'reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state.'
>
> It is thus clear that the presence of a local defendant at the time removal is sought bars removal.

Spencer v. U.S. Dist. Court for Northern Dist. of Ca., 393 F.3d 867, 870 (9th Cir. 2004) (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed. 2003)); see also Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2010), ¶¶ 2:625 et seq.

Thus, ordinarily the present action would not be removable to this court. In their Notice of Removal and their response to plaintiffs' motion to remand, however, defendants contend that the non-Siemens defendants were fraudulently joined and that their citizenship should be disregarded for purposes of determining jurisdiction because, according to defendants, plaintiffs fail to state a viable claim against them.

3 - OPINION AND ORDER

As defendants acknowledge, "fraudulent joinder" does not impugn the integrity of plaintiffs or their counsel, nor does it imply an intent to deceive. Instead,

> [j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'

Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)(citation omitted).

It is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and the court must resolve all ambiguity in favor of remand to state court. See, e.g., Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

The question, then, is whether defendants have met their burden of establishing that it is "obvious according to the settled rules of the state" that plaintiffs have failed to state a claim against the non-Siemens defendants, and cannot state a valid claim.

I have considered the parties briefing on this issue, and conclude that it is not "obvious" that plaintiffs cannot state a valid claim under Oregon law against the owners of the defective wind turbine. Plaintiffs acknowledge that perhaps their claims could be better stated, and propose to file an amended complaint in state court. See Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Remand, pp. 9-10. Whether the restated claims ultimately will survive motion practice in state court is an issue to be resolved in the first instance in state

4 - OPINION AND ORDER

court. But at this juncture, I am not persuaded that the non-Siemens defendants are fraudulently joined, and therefore grant the motion to remand.

## CONCLUSION

Plaintiffs' Motion to Remand (# 14) is granted. Defendants' Motion to Dismiss (# 6) is moot. This action is remanded to Multnomah County Circuit Court.

DATED this 21st day of June, 2010.

                                               /s/ Robert E. Jones
                                             ROBERT E. JONES
                                             U.S. District Judge